## Case No. 3,102.

### In re CONLEY.

[24 Leg. Int. 21.] [1]

District Court, S. D. New York. Dec. 5, 1866.

BOYS IN THE ARMY—LAW OF ENLISTMENT IN RELATION TO MINORS.

[Under Act Feb. 13, 1862 (12 Stat. 339), authorizing enlistments in the army, the oath of a recruit as to his age is conclusive, and on habeas corpus other evidence thereof is inadmissible.]

[On habeas corpus. Application for the discharge of Michael J. Conley from service in the United States army.]

H. P. Herdman, for petitioner.
Lieut. A. B. Gardner, 9th U. S. Infantry, for the United States.

Before BETTS. District Judge.

This was an argument in relation to the right of the United States government to retain in the army a minor who had enlisted without the consent of his parents, and it arose from an application for a writ of habeas corpus to produce the body of Private Michael J. Conley, United States army, upon the petition of his mother, Catharine Conley, praying for his discharge on the ground of his minority. The writ was served on Brev. Maj. Gen. Daniel Butterfield, superintendent general recruiting service. H. P. Herdman, Esq., for petitioner; Lieut. Asa Bird Gardner, 9th United States infantry, for United States. The prisoner was brought up from Fort Columbus, and produced in court with the return of Gen. Butterfield. The government proved the enlistment of Conley, through Brevet Brig. Gen. J. M. Robertson, 2d artillery, and by the original enlistment papers, in which it appeared that Conley made oath to being over 18 years of age, and further declared himself to be 19 years and 11 months old.

The attorney for petitioner offered to prove by Conley's parents that he was only 16 years old. Lieut. Gardner objected. 1st. That, as the constitution confers upon congress the power to raise and support armies and make all laws necessary thereto, it was quite clear that congress may declare what shall constitute a valid contract of enlistment. 2d. That congress have a constitutional right to enlist minors into the army without the consent of their parents. 3d. That public policy required that a minor shall be at liberty to enter into a contract to serve the state whenever such contract is not positively forbidden. 4th. That since the passage of the act of February 13th, 1862 [12 Stat. 339], a minor, between the ages of 18 and 21 years, may be enlisted without the consent of his parents, and that the oath of enlistment taken by him as to his age, was conclusive in evidence and binding upon the courts.

THE COURT held that the oath of enlistment taken by the recruit as to his age, under this act, was conclusive and binding and that the writ must be discharged, and the soldier remanded to the custody of his officers. The decision in this case was looked to with great interest, as establishing a precedent in similar cases as to the "law of enlistments."